IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EZEQUIEL CABRERA AGOSTO
Plaintiff

vs

UNITED STATES OF AMERICA
Defendant

CIVIL 16-2410CCC
(Related Crim. 14-0429-01CCC)

**OPINION AND ORDER**

Before the Court is Ezequiel Cabrera Agosto's (hereinafter "Petitioner" or "Cabrera Agosto") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**), and the Government's response (d.e. 8). For the reasons discussed below, the Court finds that the Petition shall be dismissed.

I. **BACKGROUND**

On March 2, 2015, Cabrera Agosto pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four) (Criminal 14-429(CCC), d.e. 39). On June 3, 2015, he was sentenced to serve a term of imprisonment of 60 months, followed by 4 years of supervised release, and a special monetary assessment of $100.00 (Criminal 14-429(CCC), d.e. 52). Judgment was entered on June 8, 2016 (Criminal 14-429(CCC), d.e. 53). Cabrera Agosto did not file a direct appeal. On July 24, 2016, Petitioner filed this 28 U.S.C. § 2255 motion raising two claims of ineffective assistance of counsel,[1] and claiming entitlement to relief

---

[1] Cabrera Agosto raises the following allegations of ineffective assistance of counsel: (1) counsel was ineffective for failing to advise him of his right to appeal, and (2) counsel failed to raise the argument of his "proper 922(G) statut[e], instead of 924(c)" (d.e. 1, p. 10). Cabrera Agosto argues that his counsel took advantage of his lack of English and comprehension of the Federal Law and chose not to proceed with his legal rights. (d.e. 1, pp. 14, 15 and 27).

CIVIL 16-2410CCC                    2
(Related Crim. 14-0429-01CCC)

under <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015) (**d.e. 1**). On January 17, 2017, the Government opposed Petitioner's Motion as untimely and meritless (d.e. 8).

## II.    DISCUSSION

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996. AEDPA establishes a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" to seek federal habeas relief. Congress intended that AEDPA be applied to all Section 2255 petitions filed after its effective date. <u>Pratt v. United States</u>, 541 F.3d 814, 816 n.2 (8th Cir. 2008). "When a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking review expires." <u>Anjulo-Lopez v. United States</u>, 541 F.3d 814, 816 n.2 (8th Cir. 2008). "For purposes of section 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, 428 (6th Cir. 2005).

Pursuant to the Federal Rules of Appellate Procedure, Petitioner had fourteen days after the judgment was entered to file an appeal. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i). Judgment was entered on June 8, 2015 (Criminal 14-429(CCC), d.e. 53). Petitioner had until June 22, 2015 to file a timely appeal or his conviction would become final. Cabrera Agosto did not file an appeal, therefore, his conviction became final on June 22, 2015. The one-year statute of limitations for the timely filing of a 2255 Petition expired on June 22, 2016. Petitioner signed and delivered to the prison mail his petition for relief on July 24, 2016 (d.e. 1), that is, one month and two days after the

CIVIL 16-2410CCC                    3
(Related Crim. 14-0429-01CCC)

statute of limitations expired. Thus, Cabrera Agosto's claim for ineffective assistance of counsel is untimely and subject to dismissal.

**B.     Claim under <u>Johnson</u> v. <u>United States</u>, 135 S.Ct. 2551 (2015)**.

In <u>Johnson v. United States</u>, ___ U.S. ____, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." <u>Johnson</u>, ___ U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion above is known as the ACCA's "residual clause." The Supreme Court found the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." <u>Id.</u> On April 18, 2016, the United States Supreme Court determined that <u>Johnson</u> announced a new substantive rule that applies retroactively to cases on collateral review. <u>Welch v. United States</u>, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" <u>or</u> a drug trafficking crime. Section 924(c)(3) defines "crime of violence" as "an offense

CIVIL 16-2410CCC 4
(Related Crim. 14-0429-01CCC)

that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B) (emphasis added). The above underlined portion is known as the "residual clause" of Section 924(c)(3). However, Petitioner was convicted and sentenced under 18 U.S.C. § 924(c)(1)(A)'s provision pertaining to the use of a firearm during and in relation to a drug crime. <u>See</u> <u>United States v. Hare</u>, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's <u>Johnson</u> claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither Petitioner's conviction nor sentence rest upon Section 924(c)'s definition of a "crime of violence," <u>Johnson</u> is inapplicable to this case.

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Ezequiel Cabrera Agosto's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) be and is hereby DISMISSED, with prejudice. Judgment to be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on April 11, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge